**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

BMS CAT OF FLORIDA, LLC,                    CASE NO:

          Plaintiff,

v.

VILLA SONOMA AT INTERNATIONAL
PLAZA CONDO ASSOCIATION, INC.,

          Defendant.

_____/

## COMPLAINT

Plaintiff BMS CAT OF FLORIDA, LLC ("BMS") files its Complaint against Defendant VILLA SONOMA AT INTERNATIONAL PLAZA CONDO ASSOCIATION, INC. ("Villa") and alleges as follows:

### I.    PARTIES

1.    BMS is a foreign limited liability company organized under the laws of the State of Texas with its principal place of business located at 5718 Airport Freeway, Haltom City, Texas 76117.

2.    BMS is a single-member limited liability company. The sole member of BMS is BMS Cat, LLC, a Texas limited liability company. BMS Cat, LLC's sole member is BMS Cat Group, LLC, a Texas limited liability company. BMS Cat Group, LLC's sole member is The BMS Enterprises, LLC, a Texas limited liability

1

company.  The BMS Enterprises, LLC's sole member is BMS Holdings III Corp. All entities in the membership chain are organized under the laws of the State of Texas and have their principal places of business in Texas.  Therefore, none of BMS' members are citizens of or domiciled in the State of Florida.

3.    Villa is a Florida Not for Profit Corporation with its principal place of business located at 570 Carillon Parkway, Suite 210, St. Petersburg, Florida 33716.

4.    Upon information and belief, all of Villa's members are citizens of and domiciled in the State of Florida.

## II.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount at issue exceeds $75,000.

6.    This Court is the proper venue under 28 U.S.C. § 1391, which authorizes this action to be brought in the judicial district where all or a substantial part of the events or omissions giving rise to the claim occurred.

## III.    APPLICABLE LAW

7.    The substantive law of Florida governs the claims asserted in this Complaint.

## IV.    GENERAL ALLEGATIONS

8.    BMS provides emergency response restoration services nationwide to commercial and residential properties.

9. BMS works with various insurance companies to provide its emergency restoration services.

10. Villa is a condominium association located in St. Petersburg, Florida.

11. On July 18, 2022, BMS provided Villa with a Mitigation Estimate ("Estimate") to perform remediation work. The total for the Estimate was $499,802.79.

12. On September 4, 2023, the parties executed a Commercial Reconstruction Contract for work to be performed (the "Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit A**.

13. Included with the Contract as an exhibit and referenced therein was a Scope of Work which detailed the work to be performed by BMS under the Contract. The Estimate, Contract, and Scope of Work are hereinafter collectively referred to as the "Contract Documents".

14. By signing the Contract, Villa authorized BMS to move forward with the work included in the Estimate and detailed in the Scope of Work.

15. As BMS completed the work under the Contract Documents it issued various invoices to Villa.

16. Villa never objected to the invoices and paid several of them. Copies of those payments are attached hereto as **Composite Exhibit B.**

17. BMS completed the work under the Contract on or around November 29, 2023. At the time of the completion of this work, Villa owed to BMS the amount of $541,190.83. *Id.* Copies of the final unpaid invoices (the "Unpaid Invoices") are attached hereto as **Composite Exhibit C.**

18. To date the amount due and owing under the Contract has not been paid to BMS, and Villa remains in default under the terms of the Contract.

19. The total amount owed to BMS under the Contract and Unpaid Invoices is $541,190.83.

20. BMS has retained the law firm of Hinshaw & Culbertson LLP to enforce BMS's rights under the Contract and to institute these proceedings to collect the amounts due under the Contract. BMS is obligated to pay its attorneys a reasonable fee for its representation.

## Count I: Account Stated

21. BMS adopts and re-alleges each and every allegation contained in Paragraphs 1 through 20 above as specifically set forth herein.

22. This is an action against Villa for account stated.

23. BMS had a business relationship with Villa.

24. BMS sent bills to Villa (the Unpaid Invoices).

25. Villa never objected to paying the invoices attached as Composite Exhibit D.

4

26.    Villa has failed to pay the amount due under the Unpaid Invoices.

27.    To date Villa currently owes BMS $541,190.83.

28.    BMS has suffered damages and costs as a result of Villa's failure to pay the Invoices.

**WHEREFORE**, for the reasons set forth above, BMS demands judgment against Villa for the total outstanding amount of the balance due under the Invoices as agreed upon in the Contract, and such other further relief this Court deems just and proper, including its attorney's fees and costs.

### Count II: Breach of Contract

29.    BMS adopts and re-alleges each and every allegation contained in Paragraphs 1 through 20 above as specifically set forth herein.

30.    This is an action against Villa for breach of contract.

31.    The Contract represented a valid contract between BMS and Villa in which Villa accepted the payment terms of the Estimate.

32.    Pursuant to the terms of the Contract, Villa agreed to pay the labor and material costs for the Scope of Work as reflected in the Scope of Work.

33.    Villa is in default under, and in breach of, the terms of the Contract by, without limitation, failing to pay the full $541,190.83. due under the terms of the Contract Documents and otherwise failing to perform the obligations under the Contract.

34.    To date Villa currently owes BMS $541,190.83 due to its breach of the Contract.

35.    BMS has suffered damages and costs as a result of Villa's breach of the Contract.

**WHEREFORE**, for the reasons set forth above, BMS demands judgment against Villa for the total outstanding amount of the balance due under the Contract, and such other further relief this Court deems just and proper, including its attorney's fees and costs.

### Count III: Promissory Estoppel
### (Pled In the Alternative to Count II)

36.    BMS adopts and re-alleges each and every allegation contained in Paragraphs 1 through 20 above as specifically set forth herein.

37.    This is an action against Villa for promissory estoppel.

38.    BMS and Villa previously entered into a proposal wherein BMS agreed to provide remediation services for properties owned and/or occupied by Villa.

39.    Villa has failed to tender payment for the remediation services provided by BMS and currently owes BMS $541,190.83 for its services.

40.    BMS reasonably and justifiably relied on Villa's promise to pay for all services it agreed to provide under the proposal.

41.    Villa has failed to remit to BMS the full amount owed for these services, which stands at $541,190.83.

42.    BMS has suffered a detriment in reliance on the promise made by Villa.

43.    Injustice can only be avoided by enforcement of Villa's promise.

**WHEREFORE**, for the reasons set forth above, BMS demands judgment against Villa for the total outstanding amount of the balance due under the Contract and such other further relief this Court deems just and proper, including its attorney's fees and costs.

### Count IV: Unjust Enrichment
### (Pled In the Alternative to Count II)

44.    BMS adopts and re-alleges each and every allegation contained in Paragraphs 1 through 20 above as specifically set forth herein.

45.    This is an action against Villa for unjust enrichment.

46.    BMS conferred a benefit upon Villa.

47.    Specifically, BMS provided remediation services for property owned and/or occupied by Villa.

48.    Villa appreciated the benefit conferred by BMS.

49.    Villa accepted the benefit conferred by BMS under such circumstances that it would be inequitable for it to retain said benefit without paying the value thereof.

**WHEREFORE**, for the reasons set forth above, BMS demands judgment against Villa for the total outstanding amount owed to BMS for the work performed and such other further relief this Court deems just and proper, including its attorney's fees and costs.

Dated this 17th day of July, 2026.

Respectfully submitted,

/s/ *Charles E. Stoecker*
Charles E. Stoecker, FLB #92560
HINSHAW AND CULBERTSON, LLC
100 South Ashley Drive, Suite 1310
Tampa, FL 33602
Tel: (813) 868-8881
Fax: (813) 436-8738
cstoecker@hinshawlaw.com
*Counsel for Plaintiff, BMS Cat of Florida, LLC.*